## McCune v. Texas Eastern Transmission Corporation

*Scales & Shaw*, for plaintiffs.

*Cassidy & Lamproplos*, for defendant.

KEIM, J., April 2, 1973.—These five cases come before the court en banc for consideration of preliminary objections filed by defendant, Texas Eastern Transmission Corporation, to petitions for the appointment of viewers filed on behalf of plaintiffs in each case. All five cases involve construction and interpretation of rights-of-way granted by the various plaintiffs or their predecessors in title to the said Texas Eastern Transmission Corporation. The portion of each grant of right-of-way which is the source of controversy in each case reads as follows:

"By the terms of this agreement Grantee has the right to lay, construct, maintain, operate, alter, repair, remove, change the size of, and replace at any time, or from time to time, one or more additional lines of pipe and appurtenances thereto (including without limitation Corrosion Control equipment). Provided, however, that for each additional line laid after the first line is laid hereunder, Grantee shall pay Grantor, his heirs or assigns, one dollar per lineal rod of additional pipe line laid under, upon, over, or through said hereinabove described property."

Defendant, Texas Eastern Transmission Corporation, after the original grant of the right-of-way, has constructed additional pipelines over and across the land of the various plaintiffs.

It is the position of plaintiffs that said additional pipelines are not covered by the original grant of right-of-way and that said construction proceeded outside the limits of the right-of-way.

This court is of the opinion that the mixed question of law and fact involved in the case at bar and the determination of the rights of the parties under the

aforementioned right-of-way grant necessitates a judicial determination and taking of evidence under section 406 of the Eminent Domain Code of June 22, 1964, P. L. 84 as amended, 26 PS §1-406. See Jacobs, ex ux. v. Nether Providence Township, 6 Comm. Ct. 594, where the court stated, at pages 598 and 599, as follows:

"In directing the court to determine promptly all preliminary objections, to make such orders as necessary, including a final order, and to take evidence by deposition or otherwise if issues of fact are raised, the provisions of Section 406 manifest a legislative intent to have such matters judicially determined prior to further proceedings thereby avoiding what might prove to be the unnecessary expenditure of considerable amounts of money and time incident to proceedings before viewers and to a jury trial on appeal from a viewer's report. . . .

"In the instant case, therefore, the trial court should have finally passed upon the sufficiency of the petition in stating a cause of action upon the legal theory pleaded, or alternatively, allowed an amendment or taken evidence by deposition or otherwise so that it might make such a judicial determination."

The court will, therefore, enter the following order in each of the above-captioned cases.

## ORDER

And now, April 2, 1973, after due and careful consideration, it is hereby ordered, adjudged and decreed that this case be placed upon the nonjury trial list for the purpose of taking testimony so that the preliminary objections in all five cases can be disposed of prior to any proceedings before a board of view.